MARTIN J. HAHN v. PLYMOUTH ELEVATOR COMPANY.[1]

May 10, 1907.

Nos. 15,089—(77).

**Negligence—Questions for Jury.**

The plaintiff's arm was broken while he was attempting to throw by hand a moving belt in the defendant's grain elevator. This is an action to recover damages for his injury. *Held*, upon a consideration of the evidence, that the question of the defendant's negligence, the plaintiff's contributory negligence, and whether he assumed the risk to which the doing of the act exposed him, was for the jury.

Action in the district court for Blue Earth county to recover $2,000 for personal injuries. The case was tried before Lorin Cray, J., who at the conclusion of the testimony directed a verdict in favor of defendant. From an order denying a motion for a new trial, plaintiff appealed. Reversed.

*H. L. & J. W. Schmitt* and *S. B. Wilson,* for appellant.
*Boyce & Warren* and *Benjamin Taylor,* for respondent.

START, C. J.

The plaintiff was employed by the defendant to work as a helper in its grain elevator at St. Peter, this state, and on November 20, 1905, while he was attempting to shift a belt by using his hand, his arm was drawn between the belt and the pulley and thereby broken. He

[1]Reported in 111 N. W. 841.

brought this action to recover damages for his injuries on the ground that they were caused by the negligence of the defendant. The trial court, at the close of the evidence, and on motion of the defendant, directed a verdict for it, and the plaintiff appealed from an order denying his motion for a new trial.

The specific negligence on the part of the defendant alleged in the complaint is to the effect that it neglected to furnish an effective belt shifter or other mechanical contrivance for shifting the belt when in motion, as provided by G. S. 1894, §§ 2248, 2249 (R. L. 1905, §§ 1813, 1814); that it negligently directed the plaintiff to throw the belt by using his hand in a particular way, and failed and neglected to instruct him as to the safe way to throw the belt, and to warn him of the danger and risk of shifting or throwing the belt by hand; and, further, that in his absence it negligently placed upon the belt and pulley a dressing of some adhesive substance of which he had no knowledge and which rendered it more dangerous to throw the belt by hand. The answer put in issue the allegations of the complaint as to the defendant's negligence, and alleged that at and before the time of the plaintiff's injury it had provided a safe and effective belt shifter, by the use of which the plaintiff might have readily thrown the belt without being exposed to any danger therefrom, but that he voluntarily and negligently attempted to throw off the belt by hand, and was injured by reason of his own negligence.

The trial court directed the verdict in favor of the defendant upon the ground that it conclusively appeared from the undisputed evidence that the plaintiff was guilty of negligence in attempting to shift the belt by placing his hand between the revolving pulleys and seizing the belt from the inside, which was the proximate cause of his injury. Whether he was, as a matter of law, guilty of such negligence, is the serious question on this appeal.

The evidence tended to show that on August 16, 1905, the plaintiff was employed by the defendant as an assistant in its elevator; that he was then thirty years old, and his occupation had been that of a laborer working on a farm, in a cement factory, and at times around threshing machines, but he had had no experience with machinery, such as shafts, belts, and pulleys, nor did he know how belts should be taken off or put on pulleys when in motion; that the defendant about October 7 set

up and attached a corn sheller, which was operated by means of a countershaft, belts and pulleys connecting it with the main shaft, the pulleys being three and a half feet apart, over which the belt was drawn; that there was no belt shifter or other safety device with which to throw the belt off the revolving pulleys, and it had to be done by getting up on the clipper, a cleaning machine, and throw the belt by hand; that according to the testimony of experts the proper way, if there be one, to throw by hand a belt when in motion, is for the operator to place his arm under the lower side of the belt, grasp the edge of the belt with his hand, and pull the belt away from the revolving pulley; but that it is dangerous to place the arm inside of the moving belt and take hold of it, as the arm is liable to be drawn between the belt and the pulley. There was very little dispute thus far as to the facts.

The evidence also tended to show that a belt shifter was attached to the machinery October 27, but it did not work, and it was repaired about November 6, the day the plaintiff took a vacation until November 20 when he returned to his work, and that he was told when he left that the shifter would be repaired. The evidence is not conclusive that the belt shifter had been so repaired as to be in proper order and workable condition at the time the plaintiff returned to his work. Whether it was so was a question of fact for the jury.

The plaintiff on the trial, after stating his occupation, and experience with and knowledge of machinery, as before stated, testified to the effect following: The superintendent of the elevator, Mr. Le Croix, told him how to throw the belt off when in motion. They climbed on top of the clipper, and the superintendent ran his hand between the upper and lower part of the belt—that is, inside of the belt—and pulled it over onto the loose pulley, and then he told the plaintiff that that was the way he would have to take the belt off until a lever was provided; that he (the plaintiff) thereafter took the belt off in that way whenever he was told to shift the belt, and that he did not know of any other way of throwing the belt, except as told; that when he returned to his work on November 20 he was told to throw the belt, and he immediately climbed onto the clipper, put his hand between the belt, took hold of the top part of it on the under side, and tried to pull it off in the same manner as he had done before, when his arm was drawn between the belt and pulley, and broken; that at this time

he did not realize that there was any danger in shifting the belt by hand; that when he went out to throw the belt he did not try the belt shifter, which was in place, to see whether it would work or not, and did not pay any attention to it, but climbed on top of the clipper, as he had been accustomed to do; and, further, that when he went away on his vacation the belt shifter was in place, but it would not work, and the superintendent told him that he would fix it as soon as he got time.

It does not appear from the evidence that he was told on his return that the belt shifter had been repaired. The superintendent testified that he never told or showed the plaintiff how to shift the belt by hand, but admitted that he directed him to throw the belt.

The question whether or not the plaintiff was guilty, as a matter of law, of negligence in attempting to shift the belt in the manner he did, must be determined largely from a consideration of his own testimony, taking the most favorable view of it for him which is fairly permissible; for its credibility was a question for the jury. So considering his testimony, the question is whether, under all the circumstances disclosed, he failed to exercise ordinary care in attempting to throw the belt. If there be any fair doubt as to the question, it was one for the jury.

Ordinary care is a relative term, and has reference to the circumstances of each particular case. The act of the plaintiff is to be judged, not from the standpoint of one versed in the laws of motion, or by the testimony of experts, but from his point of view, experience, and what he had been told by the superintendent, and the object lesson he had given him as to the shifting by hand of a moving belt. It seems quite clear that reasonable minds may fairly draw different conclusions from the evidence relating to the act of the plaintiff in question. The conclusion which we have reached after an attentive consideration of the evidence is that the question of the plaintiff's contributory negligence was one of fact for the jury.

We are also of the opinion that the evidence does not show as a matter of law that the plaintiff assumed the risk of shifting the belt by hand; for it is not clear from his testimony that he knew and appreciated the danger to which the doing of the act exposed him, or that in the exercise of ordinary care he ought so to have known and

appreciated it, in view of the instructions given to him. This was a question of fact for the jury.

We hold that the evidence was sufficient to take the case to the jury upon the questions of the defendant's negligence and of the plaintiff's contributory negligence, and also on the question whether he assumed the risk of shifting the belt by hand. It follows that the order of the trial court denying plaintiff's motion for a new trial must be reversed, and a new trial granted.

So ordered.